ADAM R. STEARNS et al., Respondents, v IRENE O'BRIEN, Appellant. [908 NYS2d 318]—

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered May 11, 2009 in a personal injury action. The order, insofar as appealed from, denied in part the motion of defendant for summary judgment.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Adam R. Stearns (plaintiff) when the vehicle he was driving collided with a vehicle operated by defendant, as well as economic damages incurred by plaintiff Kathleen Stearns in connection with the vehicle driven by plaintiff, her son. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and Supreme Court granted those parts of the motion with respect to two of the four categories of serious injury alleged by plaintiffs. We affirm. Defendant failed to meet her initial burden on the motion with respect to the two remaining categories, i.e., permanent consequential limitation of use and significant limitation of use. In support of her motion, defendant failed to submit any competent medical evidence regarding the condition of plaintiff's jaw (*see Elmer v Amankwaah*, 2 AD3d 1350 [2003]). Indeed, defendant herself raised a triable issue of fact whether plaintiff sustained a permanent consequential limitation of use or a significant limitation of use of his jaw as a result of the accident by submitting the deposition testimony of

plaintiff concerning intermittent pain and audible clicking in his jaw, the limited ability to open his mouth and to chew certain foods, and the possible need for surgery (*cf. Guillaume v Reyes*, 22 AD3d 803, 803-804 [2005]; *see generally Mancusi v Miller Brewing Co.*, 251 AD2d 265 [1998]). Because defendant failed to meet her initial burden, we do not examine the sufficiency of plaintiffs' opposing papers (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Present—Martoche, J.P., Carni, Green, Pine and Gorski, JJ.