# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1298**
**CA 12-01193**
PRESENT: SCUDDER, P.J., CENTRA, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

MAURICE M. PUGH AND KEISHA PUGH,
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V                                                          MEMORANDUM AND ORDER

DAVID J. TANTILLO AND CIRO P. TANTILLO,
DEFENDANTS-RESPONDENTS-APPELLANTS.

---

ALEXANDER & CATALANO, LLC, SYRACUSE (JAMES L. ALEXANDER OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS-RESPONDENTS.

LAW OFFICE OF KEITH D. MILLER, LIVERPOOL (KEITH D. MILLER OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (Brian F. DeJoseph, J.), entered January 19, 2012. The order denied the motion of defendants for summary judgment, and denied in part the cross motion of plaintiffs for partial summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Maurice M. Pugh (plaintiff) when the vehicle he was driving was rear-ended by a vehicle driven by defendant David J. Tantillo and owned by defendant Ciro P. Tantillo. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and plaintiffs cross-moved for partial summary judgment on the issues of liability and serious injury. Plaintiffs appeal and defendants cross-appeal from an order that denied defendants' motion and granted only that part of plaintiffs' cross motion seeking summary judgment on the issue of negligence. We affirm. We note at the outset that defendants do not contend that Supreme Court erred in granting that part of plaintiffs' cross motion on the issue of negligence, and we further note that the parties have abandoned any contentions with respect to the 90/180-day category of serious injury set forth in plaintiffs' bill of particulars (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

We conclude that the court properly denied defendants' motion for summary judgment with respect to the permanent consequential limitation of use and significant limitation of use categories of

serious injury.  "[D]efendants' own submissions raise triable issues of fact whether plaintiff sustained a qualifying injury under" those two categories (*Feggins v Fagard*, 52 AD3d 1221, 1223; *see Strong v ADF Constr. Corp.*, 41 AD3d 1209, 1210).

We further conclude that the court properly denied plaintiffs' cross motion for summary judgment on the issues whether plaintiff sustained a qualifying injury under those two categories of serious injury (*see Monette v Trummer* [appeal No. 2], 96 AD3d 1547, 1548-1549).  Plaintiffs submitted the affirmation of plaintiff's treating physician who stated that plaintiff had two herniated discs in his cervical spine that required surgical treatment, but "[p]roof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574).  Although plaintiff's treating physician provided measurements of the range of motion of plaintiff's cervical spine, he did not provide an assessment that " ' compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system' " (*Leahey v Fitzgerald*, 1 AD3d 924, 925-926, quoting *Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350).  "Inasmuch as plaintiff[s'] expert made 'no meaningful comparison so as to differentiate serious injuries from mild or moderate ones, his [affirmation] was thus insufficient to establish a significant limitation of use' " or a permanent consequential limitation of use (*Monette*, 96 AD3d at 1549).

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court