# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1124**

**CA 13-00207**

PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, SCONIERS, AND WHALEN, JJ.

---

NANCY E. CLARK, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

TIFFANY AQUINO, DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.

MURA & STORM, PLLC, BUFFALO (KRIS E. LAWRENCE OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered November 9, 2012 in a personal injury action. The order, among other things, granted the cross motion of defendant for summary judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving was struck by a vehicle operated by defendant. In her bill of particulars, plaintiff alleged that, as a result of the accident, she sustained a serious injury under the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories set forth in Insurance Law § 5102 (d). We agree with plaintiff that Supreme Court erred in granting defendant's cross motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a qualifying injury under any of those categories.

With respect to plaintiff's alleged preexisting condition, defendant failed to meet her initial burden by submitting persuasive evidence establishing that plaintiff's " 'alleged injuries sustained in the accident were preexisting' . . . or, if they were, that they were not exacerbated by the accident" (*Schreiber v Krehbiel*, 64 AD3d 1244, 1245; *see Pommells v Perez*, 4 NY3d 566, 580). Defendant's own expert physician concluded that plaintiff had sustained a cervical strain as a result of the accident and that she was "free of ongoing neck pain" prior to the accident, and the medical records support those conclusions (*see Fanti v McLaren*, 110 AD3d 1493, 1494; *Verkey v Hebard*, 99 AD3d 1205, 1206; *Ashquabe v McConnell*, 46 AD3d 1419, 1419).

Defendant also failed to establish that she is entitled to summary judgment on the ground that plaintiff ceased treatment for her injuries, thereby "interrupt[ing] the chain of causation between the accident and claimed injur[ies]" (*Pommells*, 4 NY3d at 572).  Here, plaintiff provided a "reasonable explanation" for the "cessation of all treatment" (*id.* at 574).  She was discharged from two different courses of physical therapy after her treatment providers noted that she had maximized her potential on those courses and recommended that she should continue with home exercises.  Plaintiff was also discharged from a course of chiropractic treatment, which had provided her with only temporary relief.  Plaintiff also established that further physical therapy would have been palliative and not beneficial absent periodic Botox injections, the risks of which were discussed with her, along with the lack of any guarantee of success (*see id.* at 576-577; *see Paz v Wydrzynski*, 41 AD3d 453, 453-454).  "A plaintiff need not incur the additional expense of consultation, treatment or therapy, merely to establish the seriousness or causal relation of his [or her] injury" (*Pommells*, 4 NY3d at 577).

With respect to the category of permanent consequential limitation of use, we conclude that defendant failed to eliminate all issues of fact whether plaintiff's injuries are permanent (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).  Indeed, the record establishes that the symptoms of plaintiff's alleged permanent consequential limitation of use have been of lengthy duration and "that no change in her condition [is] expected" (*Hawkins v Foshee*, 245 AD2d 1091, 1091; *see Stearns v O'Brien*, 77 AD3d 1383, 1383-1384; *Thomas v Hulslander*, 233 AD2d 567, 567).

We further conclude that defendant failed to meet her initial burden of establishing that plaintiff did not sustain a significant limitation of use (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353).  Specifically, defendant failed to refute the allegation in the bill of particulars that plaintiff suffers from cervical dystonia (*see Bowen v Dunn*, 306 AD2d 929, 929; *Aleksiejuk v Pell*, 300 AD2d 1066, 1066-1067).  Furthermore, defendant's own submissions raise an issue of fact with respect to the category of significant limitation of use because they contain "an expert's designation of a numeric percentage" of plaintiff's significant restrictions in her range of motion in her cervical area (*Perl v Meher*, 18 NY3d 208, 217), and "recite the tests used to ascertain the degree of plaintiff's loss of range of motion" (*Weaver v Town of Penfield*, 68 AD3d 1782, 1785).  The medical records submitted by defendant also "relate the range of motion losses to . . . objective findings of injur[ies]" caused by the accident (*id.*), including muscle spasms that were noted by medical providers (*see Harrity v Leone*, 93 AD3d 1204, 1206).  Moreover, conflicting opinions of the parties' experts raise issues of fact with respect to significant limitation of use (*see Fonseca v Cronk*, 104 AD3d 1154, 1155), including whether a postaccident MRI reveals accident-related disc herniations (*see Durham v New York E. Travel*, 2 AD3d 1113, 1114-1115).  It is undisputed that, at a minimum, plaintiff suffered a cervical sprain or strain in the accident, and that her medical records demonstrate that she continuously complained of chronic neck

and shoulder pain that restricted her activities (*see Hawkins*, 245 AD2d at 1091; *see generally Toure*, 98 NY2d at 352, 355).

Finally, there is an issue of fact with respect to the 90/180-day category inasmuch as plaintiff testified that she was unable to perform substantially all of her customary daily activities during the requisite time period (*see Hartley v White*, 63 AD3d 1689, 1690; *Cummings v Riedy*, 4 AD3d 811, 813; *Calucci v Baker*, 299 AD2d 897, 898), and her medical records during the requisite time period corroborate her testimony (*cf. Womack v Wilhelm*, 96 AD3d 1308, 1311).

Entered:  January 3, 2014                    Frances E. Cafarell
                                             Clerk of the Court