# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**358**
**CA 14-01186**
PRESENT: SCUDDER, P.J., SMITH, CARNI, SCONIERS, AND WHALEN, JJ.

GREGORY G. GUZEK AND CRYSTAL GUZEK,
PLAINTIFFS-RESPONDENTS,

V                                    MEMORANDUM AND ORDER

B & L WHOLESALE SUPPLY, INC., ROBERT D.
PATKALITSKY, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

LAW OFFICES OF JOHN WALLACE, BUFFALO (LEO T. FABRIZI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS.

MARTIN J. ZUFFRANIERI, WILLIAMSVILLE, FOR PLAINTIFFS-RESPONDENTS.

-----------------------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Donna M.
Siwek, J.), entered January 22, 2014. The order, among other things,
denied the motion of defendants B & L Wholesale Supply, Inc., and
Robert D. Patkalitsky for summary judgment dismissing the complaint
against them and granted the cross motion of plaintiffs to compel
disclosure.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the cross motion, and as
modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries sustained by Gregory G. Guzek (plaintiff) in a three-vehicle
collision. The accident occurred when the vehicle operated by
defendant Robert D. Patkalitsky and owned by defendant B & L Wholesale
Supply, Inc. (collectively, defendants), struck the stopped vehicle
immediately behind plaintiff's stopped vehicle, thereby pushing it
into plaintiff's vehicle. The record establishes that, at the time of
the accident, it was snowing heavily and the road was slippery.
According to Patkalitsky's deposition testimony, he lost control of
his vehicle when a vehicle unexpectedly crossed his lane of travel.
As a result, he braked, steered to the right, and slid into the
vehicle behind plaintiff.

Supreme Court properly denied defendants' motion seeking summary
judgment dismissing the complaint. On the issue of Patkalitsky's
alleged negligence, defendants failed to meet their initial burden of
establishing that they are entitled to judgment as a matter of law
based upon the emergency doctrine. Defendants' own submissions raise
triable issues of fact whether Patkalitsky was faced with an emergency

and whether he acted reasonably under the circumstances (*see Dalton v Lucas*, 96 AD3d 1648, 1649-1650; *see generally Lifson v City of Syracuse*, 17 NY3d 492, 497).

Defendants also sought summary judgment on the ground that plaintiff did not sustain a serious injury in the accident. Contrary to defendants' contention, we conclude that the court did not abuse its discretion in permitting plaintiffs to supplement their response to that part of defendants' motion. Plaintiffs sought such permission prior to the argument of the motion (*cf. Mullin v Waste Mgt. of N.Y., LLC*, 106 AD3d 1484, 1485), and defendants had an opportunity to reply to plaintiffs' additional submissions (*see Tierney v Girardi*, 86 AD3d 447, 448; *Ashton v D.O.C.S. Continuum Med. Group*, 68 AD3d 613, 614).

On the merits, we conclude that defendants failed to meet their initial burden with respect to the three categories of injury alleged by plaintiffs pursuant to Insurance Law § 5102 (d). Defendants' own submissions raise triable issues of fact with respect to the 90/180-day category (*see Houston v Geerlings*, 83 AD3d 1448, 1450), as well as the permanent consequential limitation of use and significant limitation of use categories (*see Clark v Aquino*, 113 AD3d 1076, 1077). Further, even assuming, arguendo, that defendants met their initial burden, we conclude that the affidavit of plaintiff's orthopedic surgeon raised triable issues of fact with respect to each category (*see id.* at 1077-1078). Plaintiffs failed to allege that plaintiff sustained a qualifying injury under the categories of fracture or significant disfigurement in their bill of particulars or supplemental bill of particulars before defendants filed their motion. Those categories were raised for the first time in the affirmation of plaintiffs' attorney responding to defendants' motion and, thus, they were not properly before the motion court (*see Christopher V. v James A. Leasing, Inc.*, 115 AD3d 462, 462; *Robinson v Schiavoni*, 249 AD2d 991, 992), and they are not properly before this Court on appeal (*see Melino v Lauster*, 195 AD2d 653, 656, *affd* 82 NY2d 828; *Mrozinski v St. John*, 304 AD2d 950, 951).

Finally, we agree with defendants that the court erred in granting plaintiffs' cross motion to compel production of the recorded statement of a nonparty witness to defendants' liability insurer, and we therefore modify the order accordingly. That statement, prepared in anticipation of litigation, was conditionally privileged (*see* CPLR 3101 [d] [2]; *Johnson v Murphy*, 121 AD3d 1589, 1590), and the record does not support plaintiffs' contention that the statement was used to refresh the recollection of the nonparty witness at his deposition, thereby waiving the privilege (*see Hannold v First Baptist Church*, 254 AD2d 746, 747).

Entered:  March 27, 2015                          Frances E. Cafarell
                                                  Clerk of the Court