# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**654**
**CA 15-00060**
PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

MOLLY R. COURTNEY, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

HEATHER G. HEBELER AND L.E. HEBELER, JR.,
DEFENDANTS-APPELLANTS.

---

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (ROBERT E. SCOTT OF COUNSEL),
FOR DEFENDANTS-APPELLANTS.

MAXWELL MURPHY, LLC, BUFFALO (ALAN D. VOOS OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered April 4, 2014. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the motor vehicle in which she was a back-seat passenger was struck from behind by a vehicle operated by defendant Heather G. Hebeler and owned by her husband, defendant L.E. Hebeler, Jr. Following discovery, defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury in the accident within the meaning of Insurance Law § 5102 (d). We conclude that Supreme Court properly granted the motion only with respect to the 90/180 day category and denied it with respect to the other two categories of serious injury alleged by plaintiff, i.e., the permanent consequential limitation of use and significant limitation of use categories.

We conclude with respect to the permanent consequential limitation of use category that defendants, by submitting their expert's medical report and the medical records referenced therein, met their initial burden of demonstrating that plaintiff did not sustain a permanent injury. In opposition to the motion, however, plaintiff submitted an affirmation and related medical records from one of her treating physicians, who opined that plaintiff's accident-related injuries would be "permanent in nature" and that he did not "expect any change in her condition." We conclude that "the proof that plaintiff continue[s] to suffer from her accident-related

injuries [over seven] years after the accident and that no change in her condition [is] expected" raises an issue of fact whether her injuries are permanent (*Hawkins v Foshee*, 245 AD2d 1091, 1091).

With respect to the significant limitation of use category, we conclude that defendants' own submissions in support of the motion raise an issue of fact (*see Thomas v Huh*, 115 AD3d 1225, 1225). Those submissions included imaging studies demonstrating that plaintiff suffered from a bulging disc, and that proof was "accompanied by objective evidence of the extent of alleged physical limitations resulting from the disc injury" (*Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49), i.e., medical records from plaintiff's treating physicians designating numeric percentages of plaintiff's range of motion losses (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court