# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

959
CA 15-00116
PRESENT: SMITH, J.P., CARNI, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

MONICA HARRIS AND DEMAR HARRIS,
PLAINTIFFS-APPELLANTS,

                    V                              MEMORANDUM AND ORDER

EVAN CAMPBELL, DEFENDANT-RESPONDENT.

---

RAMOS & RAMOS, BUFFALO (JOSHUA I. RAMOS OF COUNSEL), FOR
PLAINTIFFS-APPELLANTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AARON M. ADOFF OF COUNSEL),
FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered July 29, 2014. The order, insofar as appealed from, denied that part of the cross motion of plaintiffs seeking partial summary judgment on the issue of serious injury.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Monica Harris (plaintiff) when the vehicle she was driving was rear-ended by a vehicle owned and operated by defendant. Supreme Court granted that part of plaintiffs' cross motion for partial summary judgment on the issue of negligence and, contrary to plaintiffs' contention on appeal, properly denied that part of their cross motion on the issue of serious injury.

We note at the outset that plaintiffs have abandoned any contentions with respect to the 90/180-day category of serious injury set forth in their bill of particulars (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984), and thus the only categories at issue are the permanent consequential limitation of use and significant limitation of use categories of serious injury.

We conclude that the court properly denied plaintiffs' cross motion with respect to those categories. We reject plaintiffs' contention that plaintiff sustained a serious injury as a matter of law because she underwent "fusion surgery" that caused "permanent consequential and significant impairment of [her lumbar] spine." With respect to those two categories of injury, whether an injury qualifies as a serious injury " 'relates to medical significance and involves a comparative determination of the degree or qualitative nature of an

injury based on the normal function, purpose and use of the body part' " (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 353). "Proof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574; *see Pugh v Tantillo*, 101 AD3d 1658, 1659). Although plaintiffs submitted some objective evidence of plaintiff's physical limitations related to the accident, they also submitted the report of the physician who examined plaintiff on defendant's behalf, wherein he concluded that plaintiff had preexisting conditions that were causing her physical limitations and pain and opined that plaintiff "did not suffer a significant or consequential disabling injury to her lumbar spine" as a result of the accident. Plaintiffs thus by their own submissions raised a triable issue of fact whether plaintiff sustained a qualifying injury to her lumbar spine under those two categories (*see Strong v ADF Constr. Corp.*, 41 AD3d 1209, 1210; *see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Contrary to plaintiffs' contention, the mere fact that plaintiff underwent post-accident fusion surgery does not establish the causation between the accident and the surgery, particularly in light of the report of defendant's examining physician submitted by plaintiffs in support of the cross motion (*see Cummings v Jiayan Gu*, 42 AD3d 920, 923).

Entered: October 2, 2015                                   Frances E. Cafarell
                                                          Clerk of the Court