# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**309**

**CA 15-01598**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, NEMOYER, AND SCUDDER, JJ.

---

MARC J. NYHLEN AND STEPHANIE L. ADAMS-NYHLEN,
PLAINTIFFS-RESPONDENTS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

TIMOTHY J. GILES, DEFENDANT-APPELLANT-RESPONDENT.

---

CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (KEVIN E. LOFTUS OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT.

LAW OFFICES OF EUGENE C. TENNEY, PLLC, BUFFALO (EDWARD J. SCHWENDLER, III, OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS-APPELLANTS.

---

Appeal and cross appeal from an order of the Supreme Court, Erie County (Shirley Troutman, J.), entered March 2, 2015. The order denied the motion of defendant for summary judgment.

It is hereby ORDERED that said cross appeal is unanimously dismissed and the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Marc J. Nyhlen (plaintiff) when his vehicle was rear-ended by a vehicle operated by defendant. Plaintiff alleged that, as a result of the accident, he sustained a serious injury under the permanent consequential limitation of use, significant limitation of use and 90/180-day categories (*see* Insurance Law § 5102 [d]). Defendant appeals from an order denying his motion seeking summary judgment dismissing the complaint on the ground that plaintiff's injuries were preexisting, and that plaintiff did not sustain a qualifying injury as a result of the accident. As a preliminary matter, we dismiss plaintiffs' cross appeal because they were not aggrieved by the order on appeal (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 544-545; *Lillie v Wilmorite, Inc.*, 92 AD3d 1221, 1222).

We agree with plaintiffs that Supreme Court properly denied the motion because defendant failed to meet his initial burden of establishing that plaintiff did not sustain a qualifying injury as a result of the accident (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Addressing first the significant limitation of use category, we note that defendant submitted plaintiff's deposition testimony and medical records establishing that he had, inter alia, preexisting injuries to the cervical and lumbar spine, as well as the report of an IME physician who opined that plaintiff sustained only a

cervical and lumbar strain as a result of the accident.  Nevertheless, defendant also submitted the reports of plaintiff's treating physician, who stated that plaintiff's cervical injuries were "markedly exacerbated" by the accident and that the lumbar injuries were "solely the result of his motor vehicle accident."  The reports also provide quantitative assessments of plaintiff's limited range of motion.  Thus, defendant failed to eliminate all issues of fact whether plaintiff sustained a significant limitation of use of the cervical and lumbar spine as a result of the accident (*see Clark v Aquino*, 113 AD3d 1076, 1076; *Pugh v Tantillo*, 101 AD3d 1658, 1658-1659).

With respect to the 90/180-day category, defendant also submitted plaintiff's medical records stating that his level of disability varied from between 50% and 100% for 18 months following the accident.  Thus, based upon the physician reports and medical records, together with plaintiff's deposition testimony, we conclude that defendant failed to eliminate all issues of fact concerning that category (*see Clark*, 113 AD3d at 1078).  Finally, based upon the same reports and records, we conclude that defendant failed to eliminate all issues of fact with respect to the permanent consequential limitation of use category (*see id.* at 1077; *Hedgecock v Pedro*, 93 AD3d 1250, 1252).

Entered:  April 29, 2016                    Frances E. Cafarell
                                            Clerk of the Court