# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**951**

**CA 15-01827**

PRESENT: WHALEN, P.J., CENTRA, CARNI, CURRAN, AND TROUTMAN, JJ.

---

ANNA STRANGIO AND ROSARIO STRANGIO,
PLAINTIFFS-APPELLANTS,

V                                                    MEMORANDUM AND ORDER

T.M. MAGADDINO VASQUEZ, ALSO KNOWN AS TINA MARIE
MAGADDINO-VASQUEZ, ALSO KNOWN AS TINA VASQUEZ,
DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFFS-APPELLANTS.

BARTH SULLIVAN BEHR, BUFFALO (DANIEL CARTWRIGHT OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County
(Richard C. Kloch, Sr., A.J.), entered July 6, 2015. The order,
insofar as appealed from, granted in part the motion of defendant for
summary judgment and dismissed the complaint, as amplified by the bill
of particulars, insofar as it alleged that plaintiff Anna Strangio
sustained a serious injury under the permanent consequential
limitation of use and significant limitation of use categories of
serious injury within the meaning of Insurance Law § 5102 (d).

It is hereby ORDERED that the order insofar as appealed from is
unanimously reversed on the law without costs, those parts of the
motion with respect to the permanent consequential limitation of use
and significant limitation of use categories of serious injury within
the meaning of Insurance Law § 5102 (d) are denied, and the complaint,
as amplified by the bill of particulars, is reinstated to that extent.

Memorandum: Plaintiffs commenced this action seeking damages for
injuries that Anna Strangio (plaintiff) allegedly sustained when a
vehicle operated by defendant struck a vehicle operated by plaintiff.
Following discovery, defendant moved for summary judgment dismissing
the complaint on the ground that plaintiff did not sustain a serious
injury within the meaning of Insurance Law § 5102 (d). Supreme Court
granted the motion with respect to three of the four categories
alleged in the complaint, as amplified by the bill of particulars, and
plaintiffs contend on appeal that the court erred with respect to two
of those three categories, i.e., the permanent consequential
limitation of use and significant limitation of use categories. We
agree, and we therefore reverse the order insofar as appealed from.

With respect to the permanent consequential limitation of use category, even assuming, arguendo, that defendant met her initial burden of establishing her entitlement to judgment as a matter of law, we conclude that plaintiffs raised an issue of fact by submitting the affirmation of plaintiff's orthopedic surgeon, who measured "significant restrictions in the flexion, extension and rotation of plaintiff's cervical spine [three years] after the accident and opined that those restrictions are permanent" (*Rodriguez v Duggan*, 266 AD2d 859, 859-860; *see Mangano v Sherman*, 273 AD2d 836, 836).

With respect to the significant limitation of use category, we conclude that defendant raised an issue of fact with her own submissions in support of the motion (*see Courtney v Hebeler*, 129 AD3d 1627, 1628; *see generally Harris v Campbell*, 132 AD3d 1270, 1271). Those submissions included evidence that plaintiff's orthopedist and another physician had reviewed an imaging study and found a herniated disc in plaintiff's cervical spine, and defendant also submitted " 'objective evidence of the extent of alleged physical limitations resulting from the disc injury' . . . , i.e., medical records from plaintiff's treating physicians designating numeric percentages of plaintiff's range of motion losses" (*Courtney*, 129 AD3d at 1628; *see generally Pommells v Perez*, 4 NY3d 566, 574). Contrary to defendant's contention, plaintiff's cessation of treatment is not fatal to her claim. Plaintiff offered a reasonable explanation for discontinuing treatment, and she is not required to create "a record of needless treatment" (*Pommells*, 4 NY3d at 574).

Entered:  November 10, 2016                          Frances E. Cafarell
                                                     Clerk of the Court