Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered July 6, 2015. The order, insofar as appealed from, granted in part the motion of defendant for summary judgment and dismissed the complaint, as amplified by the bill of particulars, insofar as it alleged that plaintiff Anna Strangio sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d).
It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, those parts of the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) are denied, and the complaint, as amplified by the bill of particulars, is reinstated to that extent.
*1580 Memorandum: Plaintiffs commenced this action seeking damages for injuries that Anna Strangio (plaintiff) allegedly sustained when a vehicle operated by defendant struck a vehicle operated by plaintiff. Following discovery, defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Supreme Court granted the motion with respect to three of the four categories alleged in the complaint, as amplified by the bill of particulars, and plaintiffs contend on appeal that the court erred with respect to two of those three categories, i.e., the permanent consequential limitation of use and significant limitation of use categories. We agree, and we therefore reverse the order insofar as appealed from.
With respect to the permanent consequential limitation of use category, even assuming, arguendo, that defendant met her initial burden of establishing her entitlement to judgment as a matter of law, we conclude that plaintiffs raised an issue of fact by submitting the affirmation of plaintiffs orthopedic surgeon, who measured “significant restrictions in the flexion, extension and rotation of plaintiffs cervical spine [three years] after the accident and opined that those restrictions are permanent” (Rodriguez v Duggan, 266 AD2d 859, 859-860 [1999]; see Mangano v Sherman, 273 AD2d 836, 836 [2000]).
With respect to the significant limitation of use category, we conclude that defendant raised an issue of fact with her own submissions in support of the motion (see Courtney v Hebeler, 129 AD3d 1627, 1628 [2015]; see generally Harris v Campbell, 132 AD3d 1270, 1271 [2015]). Those submissions included evidence that plaintiffs orthopedist and another physician had reviewed an imaging study and found a herniated disc in plaintiffs cervical spine, and defendant also submitted “ ‘objective evidence of the extent of alleged physical limitations resulting from the disc injury’ . . . , i.e., medical records from plaintiffs treating physicians designating numeric percentages of plaintiffs range of motion losses” (Courtney, 129 AD3d at 1628; see generally Pommells v Perez, 4 NY3d 566, 574 [2005]). Contrary to defendant’s contention, plaintiff’s cessation of treatment is not fatal to her claim. Plaintiff offered a reasonable explanation for discontinuing treatment, and she is not required to create “a record of needless treatment” (Pommells, 4 NY3d at 574).
Present—Whalen, P.J., Centra, Carni, Curran and Troutman, JJ.