# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1194**
**CA 16-00601**
PRESENT: CENTRA, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.

---

VIRGINIA L. CAUM LAKE AND GREGORY M. LAKE,
PLAINTIFFS-RESPONDENTS,

V                                          MEMORANDUM AND ORDER

SAFECO INSURANCE COMPANY OF AMERICA,
DEFENDANT-APPELLANT.

---

LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (SHANE COSTA OF COUNSEL),
FOR DEFENDANT-APPELLANT.

WELCH, DONLON & CZARPLES, PLLC, CORNING (MICHAEL DONLON OF COUNSEL),
FOR PLAINTIFFS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Steuben County (Elma A. Bellini, J.), dated August 12, 2015. The order, among other things, denied in part defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Virginia L. Caum Lake (plaintiff) allegedly sustained injuries when she was involved in a rear-end motor vehicle accident. Following the settlement of their claims against the other driver involved in the accident, plaintiffs commenced this action to recover supplementary uninsured motorist benefits under a provision of the automobile insurance policy issued to them by defendant. Insofar as relevant to this appeal, defendant moved for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury, i.e., a permanent consequential limitation of use and significant limitation of use, within the meaning of Insurance Law § 5102 (d), and that she did not sustain economic loss in excess of basic economic loss. Supreme Court denied the motion to that extent.

We agree with plaintiff that the court properly denied the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Defendant failed to establish as a matter of law that plaintiff did not sustain a qualifying injury as a result of the motor vehicle accident (*see Nyhlen v Giles*, 138 AD3d 1428, 1429). Although defendant submitted an independent medical examination (IME) report/affirmation establishing that plaintiff had preexisting degenerative changes to her cervical spine and further establishing that all of plaintiff's mobility limitations were attributable to such degenerative changes or to a

subsequent motor vehicle accident, defendant also submitted a second IME report/affirmation tending to establish that plaintiff had sustained a qualifying injury as a result of the subject motor vehicle accident.  Moreover, defendant submitted records and reports of plaintiff's treating physicians and chiropractors, and some of those documents, which predate the subsequent accident, recite that plaintiff's cervical injuries were the result of the subject accident.  Some of those contemporaneous records and reports also set forth qualitative or quantative assessments of plaintiff's limited range of motion in her neck.  Thus, defendant failed to eliminate all issues of fact concerning whether plaintiff sustained a permanent consequential limitation of use or a significant limitation of use of her cervical spine as a result of the subject accident (*see id.* at 1429-1430; *Clark v Aquino*, 113 AD3d 1076, 1077-1078).  In any event, we conclude that plaintiff raised triable issues of fact concerning the nature, extent, cause, and permanency of the alleged injuries to her neck (*see Barron v Northtown World Auto*, 137 AD3d 1708, 1709; *Parkhill v Cleary*, 305 AD2d 1088, 1088-1089).

We further conclude that the court properly denied the motion insofar as it sought dismissal of plaintiff's claim for economic loss in excess of basic economic loss (*see Colvin v Slawoniewski*, 15 AD3d 900, 900; *Mainella v Allstate Ins. Co.*, 269 AD2d 365, 366; *Tortorello v Landi*, 136 AD2d 545, 545-546; *cf. Hartman-Jweid v Overbaugh*, 70 AD3d 1399, 1400-1401; *see also* Insurance Law § 5104 [a]).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court