# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**281**
**CA 16-01165**
PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

SHARA A. ARMPRESTER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MICHAEL J. ERICKSON, JR., DEFENDANT-APPELLANT,
ET AL., DEFENDANT.

---

BARTH SULLIVAN BEHR, BUFFALO (LAURENCE D. BEHR OF COUNSEL), FOR DEFENDANT-APPELLANT.

SMITH, MINER, O'SHEA & SMITH, LLP, BUFFALO (CARRIE L. SMITH OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered September 18, 2015. The order, insofar as appealed from, granted that part of the motion of plaintiff for partial summary judgment on the issue of serious injury.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action to recover damages for injuries that she sustained in successive motor vehicle collisions. In March 2013, plaintiff was driving her vehicle north on Niagara Falls Boulevard at approximately 45 miles per hour when a vehicle driven by Michael J. Erickson, Jr. (defendant) made a left turn out of a gas station parking lot and struck the passenger side of her vehicle. Plaintiff's vehicle spun around three times and came to rest in the center lane of the road. While the parties waited for emergency personnel to arrive, a third vehicle operated by an intoxicated driver collided with plaintiff's vehicle, throwing her from the vehicle onto the pavement beneath defendant's vehicle.

We conclude that Supreme Court properly granted plaintiff's motion insofar as she sought partial summary judgment on the issue whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the initial collision with defendant's vehicle. Although defendant contends that plaintiff failed to establish that her injuries were attributable to the initial collision, we conclude that plaintiff met her initial burden by submitting her deposition testimony and the expert affirmation of her treating physician (*cf. Barnes v Fix*, 63 AD3d 1515, 1516, *lv denied* 13 NY3d 716). Her physician opined with a reasonable degree of medical certainty that plaintiff suffered postconcussion syndrome,

posttraumatic headaches, and cognitive dysfunction as a result of the initial collision with defendant's vehicle, and defendant does not dispute that those injuries constitute a "significant limitation of use of a body function or system" (§ 5102 [d]).  Contrary to defendant's further contention, we conclude that plaintiff's deposition testimony that she did not recall having experienced pain during the few minutes between the collisions did not create an issue of fact whether those injuries are attributable to the initial collision.  The burden then shifted to defendant, who failed to raise an issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  March 24, 2017                         Frances E. Cafarell
                                                 Clerk of the Court