Snyder v Daw (2019 NY Slip Op 06318)





Snyder v Daw


2019 NY Slip Op 06318


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


660 CA 19-00271

[*1]AMBER N. SNYDER, PLAINTIFF-RESPONDENT,
v
TRACEY L. DAW AND ANDREW C. DAW, DEFENDANTS-APPELLANTS. 






LAW OFFICES OF DESTIN C. SANTACROSE, BUFFALO (BARNEY BILELLO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Yates County (William F. Kocher, A.J.), dated July 30, 2018. The order, insofar as appealed from, denied in part the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries that she sustained when a vehicle driven by defendant Andrew C. Daw and owned by defendant Tracey L. Daw struck a vehicle in which plaintiff was a passenger. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury under the categories alleged by her, i.e., the permanent consequential limitation of use, significant limitation of use, and 90/180-day categories (see Insurance Law § 5102 [d]). Supreme Court granted that part of defendants' motion with respect to the 90/180-day category. Defendants appeal, and we affirm.
We reject defendants' contention that the court erred in denying their motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. Defendants submitted, in support of their motion, plaintiff's deposition testimony, in which she testified, inter alia, that she lost consciousness during the accident and thereafter began to experience frequent, severe headaches, occasionally accompanied by double vision and lightheadedness, in addition to memory loss, which had persisted for more than two years. Defendants also submitted plaintiff's hospital records, which established that a CT scan performed at the hospital after the accident revealed "[h]yperattenuation within the posterior left frontal lobe" of plaintiff's brain. Due to the treating doctor's concern "for parenchymal hemorrhage," plaintiff was transferred to another hospital so that she could receive a higher level of care. Plaintiff's imaging studies at the second hospital revealed "a small amount of traumatic subarachnoid blood in the left frontal [lobe] area." Thus, contrary to defendants' contention, her claims of serious injury are not premised entirely on " subjective complaints of pain . . . devoid of any independent objective medical evidence of a serious injury' " (O'Brien v Bainbridge, 89 AD3d 1511, 1512 [4th Dept 2011]). Furthermore, defendants also submitted a report from plaintiff's primary care physician indicating that plaintiff had complained of frequent headaches accompanied by double vision since the accident and that, following an examination, plaintiff's physician treated plaintiff for a concussion. We therefore conclude that defendants' own submissions raised questions of fact and that, consequently, defendants failed to meet their initial burden of " presenting competent evidence establishing that the injuries do not meet the [serious injury] threshold' " (Goodwin v Walter, 165 AD3d 1596, 1596 [4th Dept 2018]).
We also reject defendants' contention that they met their initial burden of establishing [*2]that plaintiff's injuries did not limit her in any significant or consequential manner. Although plaintiff testified at her deposition that she was able to perform her job as a cashier without restriction, plaintiff also testified that she was unable to sit through college classes and had continued to experience "[v]ery bad migraines" that lingered for hours and caused dizziness and lightheadedness (cf. Licari v Elliott, 57 NY2d 230, 238-239 [1982]). In addition, as noted above, plaintiff testified that she experienced memory loss. It is well settled that "postconcussion syndrome, posttraumatic headaches, and cognitive dysfunction" as a result of a collision can constitute a significant limitation (Armprester v Erickson, 148 AD3d 1645, 1645 [4th Dept 2017]; see Jackson v Mungo One, 6 AD3d 236, 236 [1st Dept 2004]). Moreover, plaintiff testified that she continued to suffer from her accident-related injuries two years after the accident. Thus, we conclude that an issue of fact exists whether plaintiff's injuries are permanent (see Courtney v Hebeler, 129 AD3d 1627, 1628 [4th Dept 2015]; Hawkins v Foshee, 245 AD2d 1091, 1091 [4th Dept 1997]). Inasmuch as defendants "failed to meet their initial burden" on their motion for summary judgment, "we do not consider the sufficiency of plaintiff['s] opposing papers" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011]; see Goodwin, 165 AD3d at 1596).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court