Banas v Waikiki (2023 NY Slip Op 02412)

Banas v Waikiki

2023 NY Slip Op 02412

Decided on May 5, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, CURRAN, MONTOUR, AND OGDEN, JJ.

125 CA 22-01097

[*1]WILLIAM BANAS, PLAINTIFF-APPELLANT,
v
CLAYTON K. WAIKIKI, DEFENDANT-RESPONDENT. 

STEPHEN R. FOLEY, LLC, BUFFALO (ZACHARY S. DRAGONETTE OF COUNSEL), FOR PLAINTIFF-APPELLANT.
CHELUS, HERDZIK, SPEYER & MONTE, P.C., BUFFALO (MICHAEL J. CHMIEL OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered January 3, 2022. The order granted the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when the vehicle he was driving was struck from behind by a vehicle operated by defendant. Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury that was causally related to the accident. Supreme Court granted the motion, and plaintiff now appeals.
Preliminarily, we note that, as limited by his brief, plaintiff challenges the court's determination only with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury, and he has therefore abandoned his claim with respect to the 90/180-day category set forth in his bill of particulars (see Cline v Code, 175 AD3d 905, 907 [4th Dept 2019]; Harris v Campbell, 132 AD3d 1270, 1270 [4th Dept 2015]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [1994]).
"On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]; see Cohen v Broten, 197 AD3d 949, 950 [4th Dept 2021]; Lamar v Anastasi, 188 AD3d 1637, 1637 [4th Dept 2020]). Viewing the evidence in the light most favorable to plaintiff and affording him the benefit of every reasonable inference (see De Lourdes Torres v Jones, 26 NY3d 742, 763 [2016]; Esposito v Wright, 28 AD3d 1142, 1143 [4th Dept 2006]), we conclude that defendant failed to meet that burden with respect to the remaining categories of serious injury (see Tate v Brown, 125 AD3d 1397, 1397-1398 [4th Dept 2015]; Clark v Aquino, 113 AD3d 1076, 1076-1078 [4th Dept 2014]; Summers v Spada, 109 AD3d 1192, 1192-1193 [4th Dept 2013]).
Defendant's submissions in support of his motion included the affirmed reports of his examining physician, who concluded—after performing a physical examination of plaintiff and reviewing plaintiff's pre- and post-accident medical records that were also in the moving papers, [*2]including a sworn MRI report that showed, inter alia, multilevel disc bulging—that plaintiff had suffered a cervical spine strain in the accident, that the injury remained unresolved nearly five years after the accident, that plaintiff's subjective complaints were supported by the examination findings, and that objective testing revealed loss of range of motion in the cervical spine (see Clark, 113 AD3d at 1077-1078; cf. Bleier v Mulvey, 126 AD3d 1323, 1324 [4th Dept 2015]). Defendant's own submissions thus "included [a sworn MRI report] demonstrating that plaintiff suffered from . . . bulging disc[s], and that proof was 'accompanied by objective evidence of the extent of alleged physical limitations resulting from the disc injury,' " i.e., the reports of defendant's examining physician containing a quantitative assessment of the degree of plaintiff's loss of range of motion (Courtney v Hebeler, 129 AD3d 1627, 1628 [4th Dept 2015]; see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002]; Summers, 109 AD3d at 1192). Defendant's submissions established that plaintiff sustained, at the very least, a cervical spine strain that resulted in limited range of motion, and we conclude that defendant failed to establish as a matter of law that the limitations sustained by plaintiff from the cervical strain were not significant (see Cook v Peterson, 137 AD3d 1594, 1598 [4th Dept 2016]). Moreover, the evidence that plaintiff continued to suffer from his accident-related injuries nearly five years after the accident and that the diagnosed injuries remained unresolved raises an issue of fact whether the injuries are permanent (see Courtney, 129 AD3d at 1628; Clark, 113 AD3d at 1077; cf. Cook, 137 AD3d at 1596; see also Latini v Barwell, 181 AD3d 1305, 1307 [4th Dept 2020]). Defendant also failed to meet his initial burden with respect to causation because, despite his examining physician's review of the medical records showing that an MRI of plaintiff's cervical spine performed several years prior to the accident following previous complaints of neck pain revealed preexisting moderate or mild disc changes and that plaintiff had an approximately 2½-year gap in treatment following initial treatment after the accident, defendant's examining physician nonetheless maintained that plaintiff's injuries were causally related to the accident (see Nwanji v City of New York, 190 AD3d 650, 651 [1st Dept 2021]; Tate, 125 AD3d at 1398).
Based on the foregoing, we conclude that defendant "failed to meet his initial burden of establishing his entitlement to judgment as a matter of law[ with respect to the remaining categories of serious injury], and 'the burden never shifted to plaintiff to raise a triable issue of fact' " (Tate, 125 AD3d at 1398; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). We therefore modify the order accordingly.
Entered: May 5, 2023
Ann Dillon Flynn
Clerk of the Court