Zazulak v Sarna (2025 NY Slip Op 06467)

Zazulak v Sarna

2025 NY Slip Op 06467

Decided on November 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND KEANE, JJ.

821 CA 23-01842

[*1]O. GREGORY ZAZULAK, PLAINTIFF-RESPONDENT,
v
SHIRLEY SARNA, AS EXECUTOR OF THE ESTATE OF ELAINE SARNA, DECEASED, DEFENDANT-APPELLANT. 

RUPP PFALZGRAF LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANT-APPELLANT.
O. GREGORY ZAZULAK, PLAINTIFF-RESPONDENT PRO SE. 

 Appeal from an order of the Supreme Court, Monroe County (James A. Vazzana, J.), entered October 13, 2023, in a personal injury action. The order denied defendant's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint insofar as the complaint, as amplified by the bill of particulars, alleges that plaintiff sustained a serious injury under the 90/180-day category of serious injury within the meaning of Insurance Law § 5102 (d), and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking, among other things, to recover damages for injuries that he allegedly sustained in an automobile accident with the decedent. Plaintiff alleged that, as a result of the accident, he suffered injuries that constituted serious injuries within the meaning of Insurance Law § 5102 (d) under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories. Decedent thereafter moved for summary judgment dismissing the complaint on the grounds that plaintiff did not sustain a serious injury that was causally related to the accident and did not sustain economic loss in excess of basic economic loss (see § 5102 [a]). While this appeal was pending, decedent died and defendant was substituted as the named defendant in her capacity as executor of decedent's estate. Defendant now appeals from an order that denied decedent's motion. We modify.
"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see CPLR 3212 [b]) and "must do so by tender[ing] evidentiary proof in admissible form" (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (Winegrad, 64 NY2d at 853). Here, we must "view[ ] the evidence in the light most favorable to plaintiff[ ]" as the nonmoving party (Mariacher v LPCiminelli, Inc., 225 AD3d 1288, 1292 [4th Dept 2024]). "On a motion for summary judgment dismissing a complaint that alleges serious injury under Insurance Law § 5102 (d), the defendant bears the initial burden of establishing by competent medical evidence that [the] plaintiff did not sustain a serious injury caused by the accident" (Gonyou v McLaughlin, 82 AD3d 1626, 1627 [4th Dept 2011] [internal quotation marks omitted]).
Contrary to defendant's contentions, Supreme Court properly denied the motion with respect to the significant limitation of use and permanent consequential limitation of use categories. Decedent's own submissions establish that plaintiff sustained, at the very least, a cervical spine sprain/strain that resulted in limited range of motion, and decedent failed to [*2]establish as a matter of law that the limitations sustained by plaintiff from the cervical spine sprain/strain were not significant (see Banas v Waikiki, 216 AD3d 1413, 1415 [4th Dept 2023]; Cook v Peterson, 137 AD3d 1594, 1598 [4th Dept 2016]). Decedent also failed to eliminate all issues of fact with respect to permanent consequential limitation of use inasmuch as decedent's submissions, including excerpts of plaintiff's deposition that occurred three years after the accident, raise triable issues of fact whether the symptoms of plaintiff's alleged permanent consequential limitation of use have been of lengthy duration and plaintiff continues to suffer from his accident-related injuries (see Banas, 216 AD3d at 1415; Latini v Barwell, 181 AD3d 1305, 1307 [4th Dept 2020]; Clark v Aquino, 113 AD3d 1076, 1077 [4th Dept 2014]).
Moreover, we conclude that decedent's submissions in support of the motion raise a triable issue of fact whether the accident caused plaintiff's alleged injuries (see Barnes v Occhino, 171 AD3d 1455, 1456-1457 [4th Dept 2019]). Decedent " 'failed to submit evidence establishing as a matter of law that the injuries were entirely [preexisting] . . . and were not exacerbated by the accident in question' " (Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]; see Sheets v Kilbury, 196 AD3d 1096, 1097 [4th Dept 2021]). Thus, inasmuch as decedent failed to meet her initial burden regarding the significant limitation of use and permanent consequential limitation of use categories of serious injury, "the burden never shifted to plaintiff to raise a triable issue of fact" with respect thereto (Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015] [internal quotation marks omitted]; see Houston v Geerlings, 83 AD3d 1448, 1450 [4th Dept 2011]; see generally Winegrad, 64 NY2d at 853).
Furthermore, contrary to defendant's further contention, we conclude that her submissions raise "triable issues of fact concerning whether plaintiff sustained economic losses in excess of basic economic loss as a result of the accident" (Cicco v Durolek, 147 AD3d 1487, 1488 [4th Dept 2017]; see Swanson v Dominesey, 187 AD3d 1551, 1553 [4th Dept 2020]).
We agree with defendant, however, that the court erred in denying the motion insofar as it sought summary judgment dismissing plaintiff's claim under the 90/180-day category of serious injury (see Licari v Elliott, 57 NY2d 230, 236, 238 [1982]; Totaro v Malinowski, 238 AD3d 1475, 1476 [4th Dept 2025]; Baldauf v Gambino, 177 AD3d 1307, 1308 [4th Dept 2019]), and we therefore modify the order accordingly. Decedent submitted "competent evidence establishing that plaintiff's activities were not curtailed to a great extent and that [he] therefore did not sustain a serious injury under the 90/180[-day] category of serious injury," and plaintiff failed to raise a triable issue of fact with respect to that category (Wilson v Colosimo, 101 AD3d 1765, 1767 [4th Dept 2012] [internal quotation marks omitted]; see Totaro, 238 AD3d at 1476).
Entered: November 21, 2025
Ann Dillon Flynn
Clerk of the Court