█ MICHAEL P. BORZILLIERI, Appellant, v DOUGLAS G. JONES, Respondent. [891 NYS2d 832]—

Memorandum: Plaintiff commenced this action seeking damages for injuries he allegedly sustained when the vehicle in which he was a passenger collided with a vehicle operated by defendant. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendant met his initial burden on the motion by submitting evidence establishing that plaintiff did not sustain a serious injury under the four categories alleged by plaintiff in the complaint, as amplified by the bill of particulars, i.e., fracture, permanent consequential limitation of use, significant limitation of use and 90/180-day categories (*see Charley v Goss*, 54 AD3d 569, 570-571 [2008], *affd* 12 NY3d 750 [2009]). In support of his motion, defendant submitted the affirmation and report of a physician specializing in neurology who, upon examining plaintiff at defendant's request, observed various ranges of motion and performed a number of objective tests (*see id.*). The physician reviewed plaintiff's medical records and concluded that plaintiff's CT scan revealed lumbar disc bulges that were without clinical significance and that the accident resulted in a lumbar strain involving transient complaints of pain without any objective findings.

In opposition to the motion, plaintiff failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Plaintiff submitted a CT scan report indicating that he sustained "[d]isc protrusions and/or herniations at multiple levels" and the affidavit and records of his chiropractor demonstrating that he experienced pain, tenderness, and loss of motion. Plaintiff did not begin treatment with his chiropractor until approximately 16 months following the accident, and the range of motion tests were performed by his chiropractor approximately 19 months after the accident. Plaintiff thus failed to submit any evidence that his limited range of motion was contemporaneous with the accident (*see Jimenez v Rojas*, 26 AD3d 256 [2006]). "Proof of a herniated disc, without additional objective medical evidence establishing that the accident resulted in significant physical limitations, is not alone sufficient to establish a serious injury" (*Pommells v Perez*, 4 NY3d 566, 574 [2005]).

We have considered plaintiff's remaining contentions and conclude that they are without merit.

All concur except Fahey, J., who dissents in part and votes to modify in accordance with the following memorandum.

Fahey, J. (dissenting in part). I respectfully dissent in part and would modify the order by denying defendant's motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the fracture category of serious injury within the meaning of Insurance Law § 5102 (d). In support of his motion, defendant submitted a report that addressed a CT scan performed after the accident, indicating that plaintiff had spondylolysis at L5-S1. Spondylolysis, which is defined as the "[b]reaking down or degeneration of a vertebra" (Am Jur Proof of Facts 3d, Attorney's Illustrated Medical Dictionary S58), has been characterized as a fracture, and thus evidence of an injury of that nature raises a triable issue of fact whether plaintiff sustained a serious injury under the fracture category (*see Bethea v Pacheco Auto Collision*, 207 AD2d 424 [1994]). The opinion of defendant's expert that the spondylolysis is unrelated to the accident is speculative and unsupported by any evidentiary foundation (*see Diaz v New York Downtown Hosp.*, 99 NY2d 542, 544 [2002]). Consequently, in my view, defendant failed to meet his burden on that part of the motion with respect to the fracture category of serious injury (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Present—Hurlbutt, J.P., Centra, Fahey, Carni and Pine, JJ.