Latini v Barwell (2020 NY Slip Op 01982)





Latini v Barwell


2020 NY Slip Op 01982


Decided on March 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, CURRAN, WINSLOW, AND BANNISTER, JJ.


191 CA 19-00936

[*1]MAUREEN LATINI, PLAINTIFF-RESPONDENT,
v
DAVID P. BARWELL, DEFENDANT-APPELLANT.






NASH CONNORS, P.C., BUFFALO (MATTHEW A. LOUISOS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM MATTAR, P.C., ROCHESTER (MATTHEW J. KAISER OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered February 5, 2019. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when the vehicle she was driving was rear-ended by a vehicle operated by defendant. Plaintiff alleged that, as a result of the motor vehicle accident, she sustained injuries to her cervical spine and head under, inter alia, the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories as defined in Insurance Law § 5102 (d). Defendant moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury. Supreme Court denied defendant's motion, and we affirm.
Contrary to defendant's contention, we conclude that the court properly denied his motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. With respect to plaintiff's alleged cervical spine injury, we conclude that defendant met his initial burden on the motion "by submitting evidence that plaintiff sustained only a temporary cervical strain, rather than any significant injury to h[er] nervous system or spine, as a result of the accident" (Williams v Jones, 139 AD3d 1346, 1347 [4th Dept 2016]; see Cook v Peterson, 137 AD3d 1594, 1596 [4th Dept 2016]). With respect to plaintiff's alleged head injury, we conclude that defendant met his initial burden by submitting the affirmed report of an expert physician who examined plaintiff on defendant's behalf, wherein the physician opined that plaintiff did not sustain a concussion in the accident or have postconcussion syndrome (see Cohen v Bayer, 167 AD3d 1397, 1401-1402 [3d Dept 2018]; Flanders v National Grange Mut. Ins. Co., 124 AD3d 1035, 1035-1036 [3d Dept 2015]; Smith v Reeves, 96 AD3d 1550, 1551 [4th Dept 2012]). Although plaintiff correctly asserts that defendant's expert relied on unsworn medical records and reports, the expert properly relied on medical records and reports prepared by plaintiff's treating physicians in rendering his opinion (see generally Franchini v Palmieri, 1 NY3d 536, 537 [2003]; Meely v 4 G's Truck Renting Co., Inc., 16 AD3d 26, 29-30 [2d Dept 2005]) and, even though those records and " reports were unsworn, the . . . medical opinion[] relying on . . . [them is] sworn and thus competent evidence' " (Harris v Carella, 42 AD3d 915, 916 [4th Dept 2007], quoting Brown v Dunlap, 4 NY3d 566, 577 n 5 [2005]; see generally Cook, 137 AD3d at 1597). Further, the opinion of defendant's expert physician need not be discounted in its entirety due to the alleged errors in his report. Any "perceived deficiencies therein raised matters of credibility that are not amenable to resolution on a motion for summary judgment" (Cline v Code, 175 AD3d 905, 907 [4th Dept 2019]; see Cook, 137 AD3d at 1597).
We conclude, however, that plaintiff's submissions in opposition to the motion raised issues of fact whether she sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff submitted, inter alia, the affirmation of her treating physician, who opined that plaintiff sustained cervical spine "sprain/strains" as a result of the accident and examinations of plaintiff conducted almost four years after the accident revealed "severe muscle spasms," which constitute objective evidence of injury (see Armella v Olson, 134 AD3d 1412, 1413 [4th Dept 2015]; Austin v Rent A Ctr. E., Inc., 90 AD3d 1542, 1543 [4th Dept 2011]). With respect to plaintiff's alleged head injury, her treating physician opined that plaintiff was properly diagnosed with a concussion and postconcussion syndrome, and he opined that plaintiff continued to suffer from those conditions four years after the accident. "It is well settled that postconcussion syndrome, posttraumatic headaches, and cognitive dysfunction' as a result of a collision can constitute a significant limitation" (Snyder v Daw, 175 AD3d 1045, 1047 [4th Dept 2019]; see Jackson v Mungo One, 6 AD3d 236, 236 [1st Dept 2004]). Moreover, plaintiff testified at her deposition, which occurred three years after the accident, that she continued to suffer from her accident-related injuries, and thus an issue of fact exists whether plaintiff's injuries are permanent (see Snyder, 175 AD3d at 1047). Viewing the evidence in the light most favorable to plaintiff, we conclude that issues of fact exist that preclude summary judgment (see id.; Flanders, 124 AD3d at 1037-1038).
Finally, with respect to the 90/180-day category, we reject defendant's contention that he met his initial burden of establishing that plaintiff was able to perform substantially all of the material acts that constituted her usual and customary daily activities during no less than 90 days of the 180 days following the accident (see generally Insurance Law § 5102 [d]). "To qualify as a serious injury under the 90/180[-day] category, there must be objective evidence of a medically determined injury or impairment of a non-permanent nature . . . [,] as well as evidence that plaintiff's activities were curtailed to a great extent" (Houston v Geerlings, 83 AD3d 1448, 1450 [4th Dept 2011] [internal quotation marks omitted]). Defendant's own submissions included evidence that plaintiff was out of work approximately nine months following the accident and that plaintiff was unable to do her daily activities, such as simple chores, during that time period (see id.). Because defendant failed to meet his initial burden on the motion with respect to the 90/180-day category, there is "no need to consider the sufficiency of plaintiff's opposition thereto" (Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]).
Entered: March 20, 2020
Mark W. Bennett
Clerk of the Court