Barron v Blasetti (2020 NY Slip Op 05352)





Barron v Blasetti


2020 NY Slip Op 05352


Decided on October 2, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.


515 CA 19-01705

[*1]ROBERT BARRON, PLAINTIFF-APPELLANT,
v
TYLER BLASETTI, DEFENDANT-RESPONDENT. 






THE WRIGHT FIRM, LLC, ROCHESTER (RON F. WRIGHT OF COUNSEL), FOR PLAINTIFF-APPELLANT.
RUPP BAASE PFALZGRAF CUNNINGHAM LLC, ROCHESTER (MATTHEW A. LENHARD OF COUNSEL), FOR DEFENDANT-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Monroe County (Ann Marie Taddeo, J.), entered March 19, 2019. The order and judgment, inter alia, granted the motion of defendant for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by denying defendant's motion in part and reinstating the complaint, as amplified by the bill of particulars, with respect to the significant limitation of use and permanent consequential limitation of use categories of serious injury within the meaning of Insurance Law § 5102 (d) insofar as they relate to plaintiff's thoracic spine and as modified the order and judgment is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained after his vehicle was struck by a vehicle driven by defendant. Plaintiff appeals from an order and judgment that, inter alia, granted defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a serious injury within the meaning of Insurance Law § 5102 (d) and denied that part of plaintiff's cross motion for summary judgment on the issue of serious injury. As an initial matter, we note that plaintiff contends on appeal only that he sustained a significant limitation of use and a permanent consequential limitation of use of his thoracic spine and thus has abandoned any other particularized claims of serious injury (see Houston v Geerlings, 83 AD3d 1448, 1449 [4th Dept 2011]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
We agree with plaintiff that defendant failed to meet his initial burden on his motion with respect to plaintiff's thoracic spine injury under the significant limitation of use and permanent consequential limitation of use categories and thus that Supreme Court erred in granting defendant's motion to that extent. We therefore modify the order and judgment accordingly. The medical records submitted by defendant reference plaintiff's thoracic pain, tenderness, and muscle spasms; discuss imaging that revealed disc protrusions in plaintiff's thoracic spine; and at times note decreased range of motion in his mid and lower back (see generally Austin v Rent A Ctr. E., Inc., 90 AD3d 1542, 1544 [4th Dept 2011]). Defendant also submitted the report of a physician who performed a medical examination of plaintiff wherein the physician acknowledged that the accident activated symptoms of preexisting degenerative changes in plaintiff's thoracic spine, but opined that plaintiff had only a "mild disability." Although the report described plaintiff's thoracic range of motion as "full," it did not provide related numerical measurements as it had with respect to the cervical and lumbar spine. Based on the above, we conclude that defendant's own submissions raised issues of fact with respect to plaintiff's thoracic spine injury under the significant limitation of use and permanent consequential limitation of use categories (see generally Strangio v Vasquez, 144 AD3d 1579, 1580 [4th Dept 2016]; Aleksiejuk v Pell, 300 AD2d 1066, 1066-1067 [4th Dept 2002]).
Contrary to plaintiff's further contention, however, he failed to meet his initial burden on his cross motion with respect to his thoracic spine injury under the significant limitation of use and permanent consequential limitation of use categories. Although plaintiff submitted the report of a physician who measured a loss of range of motion in plaintiff's thoracic spine during an examination over four years after the collision, records more contemporaneous to the accident raise an issue of fact whether or to what degree plaintiff lost range of motion (see generally Doran v Sequino, 17 AD3d 626, 626-627 [2d Dept 2005]; Sarkis v Gandy, 15 AD3d 942, 943 [4th Dept 2005]; Check v Gacevk, 14 AD3d 586, 586 [2d Dept 2005]). Further, although plaintiff's imaging revealed that he had disc protrusions in his thoracic spine, such protrusions alone were insufficient to establish a qualifying serious injury as a matter of law (see Pommells v Perez, 4 NY3d 566, 574 [2005]; Borzillieri v Jones, 68 AD3d 1668, 1669 [4th Dept 2009]).
Entered: October 2, 2020
Mark W. Bennett
Clerk of the Court