George v City of Syracuse (2020 NY Slip Op 06602)





George v City of Syracuse


2020 NY Slip Op 06602


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


619 CA 19-02004

[*1]JOHN J. GEORGE, PLAINTIFF-RESPONDENT,
v
CITY OF SYRACUSE, BY AND THROUGH ITS OFFICERS, AGENTS AND/OR EMPLOYEES, AND ROBERT E. BLOODOUGH, INDIVIDUALLY AND AS AN OFFICER, AGENT AND/OR EMPLOYEE OF CITY OF SYRACUSE, DEFENDANTS-APPELLANTS. 






KRISTEN E. SMITH, CORPORATION COUNSEL, SYRACUSE (SOPHIE WEST OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
BOTTAR LAW, PLLC, SYRACUSE (SAMANTHA C. RIGGI OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered October 1, 2019. The order, insofar as appealed from, denied defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when his vehicle was struck by a vehicle operated by defendant Robert E. Bloodough during the course of Bloodough's employment with defendant City of Syracuse. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Defendants now appeal from an order that, inter alia, denied their motion. We affirm.
Defendants met their initial burden on the motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury by submitting "competent medical evidence establishing as a matter of law that plaintiff did not sustain a serious injury" under either of those categories (Robinson v Polasky, 32 AD3d 1215, 1216 [4th Dept 2006]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In opposition, however, plaintiff raised a triable issue of fact whether he sustained a serious injury with respect to each of those categories (see Strangio v Vasquez, 144 AD3d 1579, 1580 [4th Dept 2016]; Pastuszynski v Lofaso, 140 AD3d 1710, 1711 [4th Dept 2016]). "Whether a limitation of use or function is 'significant' or 'consequential' (i.e., important . . .) relates to medical significance and involves a comparative determination of the degree or qualitative nature of an injury based on the normal function, purpose and use of the body part" (Dufel v Green, 84 NY2d 795, 798 [1995]). A claim of serious injury must be supported by objective proof (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350 [2002], rearg denied 98 NY2d 728 [2002]). "[S]ubjective complaints alone are not sufficient" (id.). Here, in opposition to the motion, plaintiff submitted the affirmed report of an expert physician and the affirmation of his treating physician, and both physicians "relied upon objective proof of plaintiff's injury, provided quantifications of plaintiff's loss of range of motion along with qualitative assessments of plaintiff's condition, and concluded that plaintiff's injur[ies] [were] significant, permanent, and causally related to the accident" (Stamps v Pudetti, 137 AD3d 1755, 1757 [4th Dept 2016] [internal quotation marks omitted]).
With respect to the other category of serious injury at issue on this appeal, i.e., the 90/180-day category, we conclude that defendants failed to meet their initial burden on the [*2]motion. Defendants' own submissions raised triable issues of fact whether plaintiff sustained "a medically determined injury or impairment of a non-permanent nature which prevent[ed] [him] from performing substantially all of the material acts which constitute[d] [his] usual and customary daily activities for not less than [90] days during the [180] days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]). Moreover, even assuming, arguendo, that defendants met their initial burden with respect to that category, we conclude that plaintiff raised an issue of fact by submitting his own affidavit, which described his limitations, and his treating physician's affirmation and attached office notes, which confirmed that plaintiff was placed on work restrictions during the six months after the accident (see Felton v Kelly, 44 AD3d 1217, 1219-1220 [3d Dept 2007]; see also Limardi v McLeod, 100 AD3d 1375, 1376-1377 [4th Dept 2012]).
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court