Walk-Reinard v Smith (2021 NY Slip Op 04812)





Walk-Reinard v Smith


2021 NY Slip Op 04812


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, AND DEJOSEPH, JJ.


294 CA 20-01410

[*1]LISA L. WALK-REINARD, PLAINTIFF-RESPONDENT,
v
JEFFREY A. SMITH AND FELICIA S. SMITH, DEFENDANTS-APPELLANTS. 






HAGELIN SPENCER, LIVERPOOL (KEITH D. MILLER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CELLINO LAW LLP, BUFFALO (JEANNA M. CELLINO OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Yates County (Jason L. Cook, A.J.), entered May 19, 2020. The order, insofar as appealed from, denied the motion of defendants for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when the vehicle she was driving collided with a vehicle owned by defendant Jeffrey A. Smith and operated by defendant Felicia S. Smith. Plaintiff alleged that, as a result of the motor vehicle accident, she sustained injuries to her cervical and thoracic spine and head under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories as defined in Insurance Law § 5102 (d). Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiff cross-moved for summary judgment on the issues of, inter alia, negligence and serious injury. Supreme Court granted plaintiff's cross motion on the issue of negligence and denied the remainder of plaintiff's cross motion and the entirety of defendants' motion. Defendants appeal from an order insofar as it denied their motion, and we affirm.
Preliminarily, "[a]lthough defendants' motion . . . sought summary judgment dismissing the complaint in its entirety, their moving papers did not address plaintiff's claim for economic loss, and thus defendants failed to establish that they were entitled to summary judgment with respect to that claim" (Woodward v Ciamaricone, 175 AD3d 942, 944-945 [4th Dept 2019]).
Contrary to defendants' contention, we conclude that the court properly denied their motion with respect to the permanent consequential limitation of use and significant limitation of use categories of serious injury. With respect to plaintiff's alleged cervical and thoracic spine injuries, we conclude that defendants' own submissions raise triable issues of fact whether plaintiff's alleged limitations and injuries are " 'significant' " or " 'consequential' " (Monterro v Klein, 160 AD3d 1459, 1460 [4th Dept 2018]). Notably, "while the physician who examined plaintiff on behalf of defendants set forth range of motion limitations and considered those findings to be insignificant, he failed to explain the basis for his calculations, such as the basis for his opinion as to what constitutes a normal . . . range of motion" (id. [internal quotation marks omitted]; see Barron v Blasetti, 187 AD3d 1550, 1551 [4th Dept 2020]; Kavanagh v Singh, 34 AD3d 744, 745-746 [2d Dept 2006]). With respect to plaintiff's alleged head injury, we conclude that defendants met their initial burden by submitting the affirmed report of an expert physician who examined plaintiff on defendants' behalf, wherein the physician opined that there is no definitive evidence that plaintiff has experienced significant cognitive issues or [*2]headaches as a result of the accident, and that there is no current evidence that plaintiff is experiencing any ongoing significant neurological dysfunction or symptoms as a result of the accident (see Latini v Barwell, 181 AD3d 1305, 1306 [4th Dept 2020]). We conclude, however, that plaintiff's submission in opposition to that portion of the motion raised issues of fact whether she sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Plaintiff submitted certain medical records confirming plaintiff's continuing diagnosis of postconcussion syndrome, and establishing that plaintiff's headaches are daily, that they will last all day, and that the associated symptoms include vomiting, photophobia, blurred vision, and nausea. In addition, plaintiff submitted an affidavit, along with an impact statement, which provided, inter alia, that the headaches that she has had since the accident are localized and sometimes cause severe nausea and dizziness with visual disturbances including flashing and floating lights with severe photophobia. Viewing the evidence in the light most favorable to plaintiff, we conclude that issues of fact exist that preclude summary judgment (see Latini, 181 AD3d at 1307).
Finally, with respect to the 90/180-day category, we conclude that defendants failed to meet their initial burden of establishing that plaintiff was not prevented from performing substantially all of the material acts that constituted her usual and customary daily activities during no less than 90 days of the 180 days following the accident (see generally Insurance Law § 5102 [d]; George v City of Syracuse, 188 AD3d 1612, 1613 [4th Dept 2020]; Cook v Peterson, 137 AD3d 1594, 1598 [4th Dept 2016]). Because defendants failed to meet their initial burden on the motion with respect to the 90/180-day category, there is "no need to consider the sufficiency of plaintiff's opposition
thereto" (Summers v Spada, 109 AD3d 1192, 1193 [4th Dept 2013]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court