Carter v Patterson (2021 NY Slip Op 04796)





Carter v Patterson


2021 NY Slip Op 04796


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


136 CA 20-00136

[*1]LOUIS S. CARTER, PLAINTIFF-RESPONDENT-APPELLANT,
v
JERMAINE PATTERSON, DEFENDANT-APPELLANT-RESPONDENT, AND EBONY R. PACE, DEFENDANT. 






HAGELIN SPENCER LLC, BUFFALO (MATTHEW D. PFALZER OF COUNSEL), FOR DEFENDANT-APPELLANT-RESPONDENT. 
THE CAREY FIRM, LLC, GRAND ISLAND (SHAWN W. CAREY OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 


 Appeal and cross appeal from an amended order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered January 24, 2020. The amended order, among other things, denied the motion of defendant Jermaine Patterson for summary judgment dismissing the complaint against him, denied in part plaintiff's motion for partial summary judgment on the issue of negligence, and granted in part the cross motion of plaintiff for partial summary judgment on the issue of serious injury. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by denying those parts of plaintiff's cross motion for partial summary judgment with respect to the significant limitation of use and 90/180-day categories of serious injury within the meaning of Insurance Law § 5102 (d) and granting those parts of plaintiff's motion for partial summary judgment seeking a determination that defendant Jermaine Patterson was negligent and that his negligence was a proximate cause of the accident, and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries he allegedly sustained when his vehicle was struck by a vehicle driven by Jermaine Patterson (defendant). Immediately prior to striking plaintiff's vehicle, which was stopped at a stop sign at an intersection, defendant's vehicle collided in the intersection with a vehicle driven by defendant Ebony R. Pace. Plaintiff asserted that, as a result of the accident, he suffered a serious injury within the meaning of Insurance Law § 5102 (d) under the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories. Defendant appeals and plaintiff cross-appeals from an amended order of Supreme Court that, inter alia, denied defendant's motion for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury that was causally related to the accident, granted those parts of plaintiff's cross motion for partial summary judgment with respect to the significant limitation of use and 90/180-day categories of serious injury, and denied those parts of plaintiff's motion for partial summary judgment seeking a determination that defendant was negligent and that his negligence was a proximate cause of the accident.
Defendant contends on his appeal that the court erred in denying his motion for summary judgment because he met his initial burden of establishing that "plaintiff did not suffer a serious injury causally related to the accident" (Franchini v Palmieri, 1 NY3d 536, 537 [2003]) and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to defendant's contention, his own submissions in support of his motion raise triable issues of fact with respect to whether the motor vehicle accident caused plaintiff's alleged injuries (see Schaubroeck v Moriarty, 162 AD3d 1608, 1609 [4th Dept 2018]; Crane v Glover, 151 AD3d 1841, 1842 [4th Dept 2017]). Defendant submitted the report of his expert physician, who concluded that plaintiff's lumbar strain or sprain was not [*2]significant and that plaintiff's disc injuries were degenerative in nature and not caused by trauma from the accident. The report of defendant's expert, however, "does not establish that plaintiff's condition is the result of a preexisting degenerative [condition] inasmuch as it 'fails to account for evidence that plaintiff had no complaints of pain prior to the accident' " (Crane, 151 AD3d at 1842; see Baldauf v Gambino, 177 AD3d 1307, 1308 [4th Dept 2019]).
Even assuming, arguendo, that defendant met his initial burden on his motion, we conclude that plaintiff raised a triable issue of fact in opposition with respect to causation (see Chunn v Carman, 8 AD3d 745, 746-747 [3d Dept 2004]) by submitting the affirmations of his orthopaedic and chiropractic experts, who concluded that plaintiff sustained two herniated discs that were traumatic in nature and caused by the accident.
We also reject defendant's contention that he established his entitlement to judgment as a matter of law with respect to the 90/180-day category of serious injury. Defendant's own submissions in support of his motion included plaintiff's deposition testimony that he was not able to perform his normal or customary activities during the first four or five months after the accident. Thus, defendant failed to establish that plaintiff was not limited or impaired in carrying out substantially all of his customary daily activities during 90 of the first 180 days following the accident (see Latini v Barwell, 181 AD3d 1305, 1307 [4th Dept 2020]; cf. Yoonessi v Givens, 39 AD3d 1164, 1165-1166 [4th Dept 2007]).
Contrary to defendant's further contention, we conclude that the court also properly denied those parts of his motion with respect to the significant limitation of use and permanent consequential limitation of use categories of serious injury. Even assuming, arguendo, that defendant made a "prima facie showing that plaintiff's alleged injuries did not satisfy [the] serious injury threshold" with respect to those categories (Pommells v Perez, 4 NY3d 566, 574 [2005]), we conclude that plaintiff raised an issue of fact sufficient to defeat defendant's motion by presenting objective proof that he sustained two herniated discs, together with the qualitative and quantitative assessments of his treating orthopedist and chiropractor, who both concluded that plaintiff's injuries were significant, permanent, and causally related to the accident (see Vitez v Shelton, 6 AD3d 1180, 1181-1182 [4th Dept 2004]).
We agree with defendant, however, that the court erred in granting plaintiff's cross motion insofar as it sought partial summary judgment with respect to the significant limitation of use and 90/180-day categories of serious injury, and we therefore modify the amended order accordingly. Although plaintiff met his initial burden on the cross motion by submitting evidence establishing as a matter of law that he sustained a serious injury under each of those categories, defendant raised a triable issue of fact in opposition with respect to both the significant limitation of use and 90/180-day categories (see George v City of Syracuse, 188 AD3d 1612, 1613 [4th Dept 2020]).
Defendant submitted the report of his expert physician, who reviewed plaintiff's medical records and conducted an independent examination of plaintiff and opined within a reasonable degree of medical certainty that plaintiff did not suffer an acute injury as a result of the accident. Defendant's expert opined that plaintiff "show[ed] no evidence of a herniated disc, neurologic deficit or lumbar radiculopathy" and noted that plaintiff's physical therapy records indicated that plaintiff was 95% improved approximately five months after the accident. Thus, defendant's expert concluded that there was no evidence that plaintiff suffered a significant limitation of use of his lumbar spine. The expert's report was therefore sufficient to raise a triable issue of fact with respect to the significant limitation of use category (see Savilo v Denner, 170 AD3d 1570, 1570-1571 [4th Dept 2019]).
With respect to the 90/180-day category, defendant's expert opined, based on his review of the medical records and his examination, that plaintiff's lumbar strain or sprain was a minor or mild injury that would not have impaired plaintiff's ability to perform his usual and customary activities (see Howard v Espinosa, 70 AD3d 1091, 1093 [3d Dept 2010]). The conflicting opinion of defendant's expert was thus sufficient to raise a triable issue of fact whether plaintiff's injuries were so severe as to prohibit him from performing his customary activities for 90 out of the first 180 days (see generally Edwards v Devine, 111 AD3d 1370, 1372 [4th Dept 2013]).
Finally, we agree with plaintiff on his cross appeal that the court erred in denying his [*3]motion for partial summary judgment insofar as it sought a determination that defendant was negligent and that his negligence was a proximate cause of the accident. We therefore further modify the amended order accordingly. Plaintiff met his initial burden with respect to negligence by establishing that defendant violated Vehicle and Traffic Law §§ 1142 (a) and 1172 (a) by proceeding into an intersection controlled by a stop sign and failing to yield the right-of-way to Pace's vehicle and that defendant's violation of the statutes was unexcused (see Peterson v Ward, 156 AD3d 1438, 1439 [4th Dept 2017]; Rolls v State of New York, 129 AD3d 1638, 1638-1639 [4th Dept 2015]). Plaintiff also established that defendant's negligence was a proximate cause of the collision with plaintiff's vehicle (see Van Doren v Dressler, 45 AD3d 1366, 1367 [4th Dept 2007]). In opposition, defendant failed to raise a triable issue of fact (see generally Zuckerman, 49 NY2d at 562).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court