Shah v Nowakowski (2022 NY Slip Op 01952)





Shah v Nowakowski


2022 NY Slip Op 01952


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND WINSLOW, JJ.


1181CA 21-00123

[*1]FAREENA A. SHAH, PLAINTIFF-RESPONDENT,
v
ELIZABETH A. NOWAKOWSKI, ET AL., DEFENDANTS, AND EMILY DINATALE, DEFENDANT-APPELLANT. 






LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (JOAN M. RICHTER OF COUNSEL), FOR DEFENDANT-APPELLANT.
VANDETTE PENBERTHY LLP, BUFFALO (JAMES M. VANDETTE OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an amended order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered December 23, 2020. The amended order, among other things, denied the motion of defendant Emily Dinatale for summary judgment and granted in part the cross motion of plaintiff for summary judgment. 
It is hereby ORDERED that the amended order so appealed from is unanimously modified on the law by denying that part of plaintiff's cross motion seeking summary judgment on the issues of negligence and serious injury against defendant Emily Dinatale and as modified the amended order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking to recover damages for injuries she allegedly sustained after a vehicle operated by Emily Dinatale (defendant) rear-ended another vehicle, causing a chain reaction in which plaintiff's vehicle was rear-ended and propelled into the vehicle stopped in front of her. Defendant thereafter moved for summary judgment dismissing the complaint against her on the grounds that any injury sustained by plaintiff was not causally related to the accident and that, in any event, plaintiff did not suffer a serious injury within the meaning of Insurance Law
§ 5102 (d) under the permanent consequential limitation of use, significant limitation of use, or 90/180-day categories. Plaintiff cross-moved for summary judgment on the issues of negligence and serious injury. Defendant appeals from an amended order that, inter alia, denied her motion and granted that part of plaintiff's cross motion for summary judgment against defendant on the issues of negligence and serious injury.
Defendant contends that Supreme Court erred in denying her motion because she met her initial burden of establishing that "plaintiff did not suffer a serious injury causally related to the accident" (Franchini v Palmieri, 1 NY3d 536, 537 [2003]) and plaintiff failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). Contrary to defendant's contention, her own submissions in support of the motion raise triable issues of fact whether the motor vehicle accident caused plaintiff's alleged injuries (see Carter v Patterson, 197 AD3d 857, 858 [4th Dept 2021]; Schaubroeck v Moriarty, 162 AD3d 1608, 1609 [4th Dept 2018]). Defendant submitted the report of her expert physician, who concluded that plaintiff's injuries were either preexisting or degenerative in nature. The report of defendant's expert, however, "does not establish that plaintiff's condition is the result of a preexisting [or] degenerative [condition] inasmuch as it fails to account for evidence that plaintiff had no complaints of pain prior to the accident" (Carter, 197 AD3d at 858 [internal quotation marks omitted]). Further, defendant's expert failed to address plaintiff's medical records, which noted that plaintiff's range of motion had further decreased by 25% after the accident (see generally Croisdale v Weed, 139 AD3d 1363, 1364 [4th Dept 2016]; Clark v Aquino, 113 AD3d 1076, 1076 [4th Dept 2014]).
Even assuming, arguendo, that defendant met her initial burden on the motion by demonstrating that the accident did not cause or exacerbate plaintiff's injuries, we conclude that plaintiff raised a triable issue of fact in opposition with respect to causation (see Chunn v Carman, 8 AD3d 745, 746-747 [3d Dept 2004]) by submitting the affirmation of her expert, who concluded that plaintiff's injuries to her right shoulder, neck, and back were exacerbated as a result of the accident (see generally Carter, 197 AD3d at 859).
Contrary to defendant's further contention, we conclude that the court also properly denied her motion with respect to the significant limitation of use, permanent consequential limitation of use, and 90/180-day categories of serious injury. Even assuming, arguendo, that defendant made a "prima facie showing that plaintiff's alleged injuries did not satisfy [the] serious injury threshold" with respect to those categories (Pommells v Perez, 4 NY3d 566, 574 [2005]), we conclude that plaintiff raised an issue of fact whether she sustained a serious injury under those categories (see Vitez v Shelton, 6 AD3d 1180, 1181-1182 [4th Dept 2004]).
With respect to the significant limitation of use and permanent consequential limitation of use categories, plaintiff presented objective proof that she sustained decreased range of motion to her right shoulder and lumbar and cervical spine. Plaintiff also submitted the results of her MRI and CT scan tests, the qualitative and quantitative assessments of her treating physicians establishing the limited range of motion to her spine and right shoulder, and her expert's affirmation concluding that plaintiff's injuries were significant.
Plaintiff also raised an issue of fact with respect to the 90/180-day category of serious injury. Despite plaintiff's inability to "recall if she was unable to care for herself or perform her daily hygiene activities" following the accident, plaintiff submitted evidence sufficient to raise a triable issue of fact whether she was prevented from performing substantially all of the material acts that constituted her usual and customary daily activities during no less than 90 days of the 180 days following the accident (see generally Insurance Law § 5102 [d]). Plaintiff submitted her deposition testimony, in which she described her limitations, and the notes of her primary care physician confirming that plaintiff was placed on work restrictions following the accident for approximately four or five months (see George v City of Syracuse, 188 AD3d 1612, 1614 [4th Dept 2020]; Felton v Kelly, 44 AD3d 1217, 1219-1220 [3d Dept 2007]). In addition, plaintiff's expert opined that the exacerbation of plaintiff's right shoulder and spine injuries "contributed to limitations on her usual and customary daily activities for more than 90 days" following the accident, "including bending and lifting without limitations and pain."
We agree with defendant, however, that the court erred in granting plaintiff's cross motion insofar as it sought summary judgment against her on the issue of serious injury, and we therefore modify the amended order accordingly. Contrary to plaintiff's assertion, she failed to allege postconcussive syndrome or a left knee injury in her bill of particulars. That omission was not remedied by plaintiff's statement in the bill of particulars that "[f]urther injuries may be identified within the medical records of" plaintiff inasmuch as that statement "fail[s] to adequately limit the proof and could result in surprise to defendant" (Neissel v Rensselaer Polytechnic Inst., 30 AD3d 881, 882 [3d Dept 2006]). "Defendant is entitled to know, over . . . plaintiff['s] own verification, precisely what . . . plaintiff[] will claim on the trial. It is not enough simply to 'refer' defendant to some report made by another" (D'Onofrio v Davis, 14 AD2d 960, 960 [3d Dept 1961]). Thus, because plaintiff did not allege in the pleadings that her injuries included postconcussive syndrome or a left knee injury, and plaintiff did not move for leave to amend the bill of particulars to assert such allegations, defendant was not required to address those alleged injuries in her own motion or in opposition to plaintiff's cross motion (see Pom Chun Kim v Franco, 137 AD3d 991, 992 [2d Dept 2016]; Camacho v Dwelle, 54 AD3d 706, 706 [2d Dept 2008]).
We also agree with defendant that the court erred in granting plaintiff's cross motion insofar as it sought summary judgment against her with respect to the issue of negligence, and we therefore further modify the amended order accordingly. "It is well settled that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . [, and, i]n order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[]negligent explanation for the collision" (Niedzwiecki v Yeates, 175 AD3d 903, 904 [4th Dept 2019] [internal quotation marks omitted]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle . . . [*2], and such an explanation is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015] [internal quotation marks omitted]; see Niedzwiecki, 175 AD3d at 904; Macri v Kotrys, 164 AD3d 1642, 1643 [4th Dept 2018]). Here, plaintiff failed to meet her initial burden on the cross motion with respect to the issue of negligence inasmuch as she submitted the deposition testimony of defendant, in which defendant " 'provided a nonnegligent explanation for the collision,' " i.e., that the collision occurred when a nonparty vehicle stopped abruptly in front of her vehicle (Gardner v Chester, 151 AD3d 1894, 1896 [4th Dept 2017]; see Niedzwiecki, 175 AD3d at 904; Brooks v High St. Professional Bldg., Inc., 34 AD3d 1265, 1266-1267 [4th Dept 2006]). Thus, plaintiff's own submissions raise "a triable issue of fact as to whether a nonnegligent explanation exists for the rear-end collision" (Bell v Brown, 152 AD3d 1114, 1115 [3d Dept 2017]; see Niedzwiecki, 175 AD3d at 904).
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court