Foote v March (2022 NY Slip Op 07334)

Foote v March

2022 NY Slip Op 07334

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, BANNISTER, AND MONTOUR, JJ.

774 CA 21-01663

[*1]RYAN FOOTE, PLAINTIFF-APPELLANT,
v
JAMES MARCH AND HUBER & HUBER, INC., DEFENDANTS-RESPONDENTS. 

DUPEE & MONROE, P.C., GOSHEN (JON C. DUPEE, JR., OF COUNSEL), FOR PLAINTIFF-APPELLANT.
KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JUSTIN L. HENDRICKS OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered October 5, 2021. The order, inter alia, denied the motion of plaintiff for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when the vehicle he was operating was rear-ended by a vehicle driven by James March (defendant) and owned by defendant Huber & Huber, Inc. Plaintiff appeals from an order that, inter alia, denied plaintiff's motion for partial summary judgment on the issue of negligence and seeking dismissal of four of defendants' affirmative defenses.
We reject plaintiff's contention that Supreme Court erred in denying his motion with respect to the issue of defendants' negligence. It is well settled that a rear-end collision with a vehicle "establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . [, and, i]n order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[]negligent explanation for the collision" (Niedzwiecki v Yeates, 175 AD3d 903, 904 [4th Dept 2019] [internal quotation marks omitted]). "One of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle . . . , and such an explanation is sufficient to overcome the inference of negligence and preclude an award of summary judgment" (Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015] [internal quotation marks omitted]; see Niedzwiecki, 175 AD3d at 904; Macri v Kotrys, 164 AD3d 1642, 1643 [4th Dept 2018]).
Here, plaintiff failed to meet his initial burden on his motion inasmuch as he submitted the deposition testimony of defendant, in which he " 'provided a nonnegligent explanation for the collision,' " i.e., that the collision occurred when plaintiff suddenly slowed down or stopped in front of his vehicle while plaintiff was attempting to change lanes (Gardner v Chester, 151 AD3d 1894, 1896 [4th Dept 2017]; see Shah v Nowakowski, 203 AD3d 1737, 1741 [4th Dept 2022]). Thus, plaintiff's own submissions raise "a triable issue of fact as to whether a nonnegligent explanation exists for the rear-end collision" (Bell v Brown, 152 AD3d 1114, 1115 [3d Dept 2017]; see Niedzwiecki, 175 AD3d at 904).
In light of our determination, we reject plaintiff's further contention that the court erred in denying that part of his motion seeking partial summary judgment dismissing four of defendants' affirmative defenses. Inasmuch as plaintiff failed to establish that he is entitled to partial summary judgment on the issue of negligence, he also failed to establish that he is entitled to partial summary judgment dismissing those four affirmative defenses, which are related to the issue of negligence.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court