Gallt v Nelk (2025 NY Slip Op 04333)

Gallt v Nelk

2025 NY Slip Op 04333

Decided on July 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, SMITH, DELCONTE, AND HANNAH, JJ.

434 CA 24-01636

[*1]JOHN M. GALLT, PLAINTIFF,
v
ROBERT A. NELK, DEFENDANT-RESPONDENT, AND RAMAKRISHNA YARLAGADDA, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

CARMAN, CALLAHAN & INGHAM, LLP, FARMINGDALE (JONATHAN D. SILVERSTEIN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
PENINO & MOYNIHAN LLP, WHITE PLAINS (MELISSA L. VINCTON OF COUNSEL), FOR DEFENDANT-RESPONDENT.

 Appeal from an order of the Supreme Court, Herkimer County (Mark R. Rose, J.), entered July 3, 2024 in a personal injury action arising from a motor vehicle accident. The order denied the motion of defendant Ramakrishna Yarlagadda for summary judgment dismissing the complaint and all cross-claims against him. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the complaint against defendant Ramakrishna Yarlagadda, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained as a pedestrian in a multi-vehicle collision that occurred on the New York State Thruway. Plaintiff was manually pushing a disabled vehicle at the time of the accident. Defendant Ramakrishna Yarlagadda was driving a minivan in the right-hand lane, and defendant Robert A. Nelk was approximately three car lengths behind Yarlagadda driving a pickup truck towing a camping trailer. When Yarlagadda was approximately 150 to 200 feet away from plaintiff, plaintiff suddenly pushed his disabled vehicle from the shoulder so that its driver's side door extended into, and partially blocked, the right-hand lane in which Yarlagadda and Nelk were traveling. Yarlagadda, who conceded that he did not look to his left to determine whether he could safely change lanes, testified that he activated the hazard lights on his vehicle and applied the brakes to avoid striking plaintiff's vehicle. Nelk, who similarly conceded that he did not have a recollection of looking to his left to determine whether he could safely change lanes, testified that he did not observe Yarlagadda's vehicle's hazard lights activate and that Yarlagadda came to a complete stop. Nelk was unable to slow down or stop in time to avoid an accident and rear-ended Yarlagadda's vehicle, pushing it forward and causing it to strike and injure plaintiff.
In appeal No. 1, plaintiff appeals from an order insofar as it denied that part of his motion seeking summary judgment on the issue of Nelk's negligence. In appeal No. 2, Yarlagadda appeals from an order that denied his motion for summary judgment dismissing the complaint and cross-claims against him. We affirm in appeal No. 1 and modify in appeal No. 2.
With respect to appeal No. 1, "[i]t is well settled that a rear-end collision with a vehicle 'establishes a prima facie case of negligence on the part of the driver of the rear vehicle . . . [, and, i]n order to rebut the presumption [of negligence], the driver of the rear vehicle must submit a non[ ]negligent explanation for the collision' " (Foote v March, 211 AD3d 1513, 1514 [4th Dept 2022]; see Tutrani v County of Suffolk, 10 NY3d 906, 908 [2008]; Oswald v Ramesh, 236 AD3d 1436, 1437 [4th Dept 2025]). While there is no dispute that Nelk rear-ended Yarlagadda's vehicle, plaintiff's own submissions raise a triable issue of fact whether there is a nonnegligent [*2]explanation for the collision (see Foote, 211 AD3d at 1514; Shah v Nowakowski, 203 AD3d 1737, 1740-1741 [4th Dept 2022]). Specifically, " '[o]ne of several nonnegligent explanations for a rear-end collision is a sudden stop of the lead vehicle . . . , and such an explanation is sufficient to overcome the inference of negligence and preclude an award of summary judgment' " (Foote, 211 AD3d at 1514; see Shah, 203 AD3d at 1740-1741; Tate v Brown, 125 AD3d 1397, 1398 [4th Dept 2015]). The parties' deposition testimony presents a triable issue of fact whether Yarlagadda's vehicle's sudden deceleration or stop was unforeseeable under the prevailing traffic conditions inasmuch as it occurred "in a travel lane of a busy highway where vehicles could reasonably expect that traffic would continue unimpeded" (Tutrani, 10 NY3d at 907; see Niedzwiecki v Yeates, 175 AD3d 903, 904 [4th Dept 2019]; Gardner v Chester, 151 AD3d 1894, 1896 [4th Dept 2017]; see generally Gamblin v Nam, 200 AD3d 1610, 1611-1612 [4th Dept 2021]).
Additionally, plaintiff's own submissions raise a triable issue of fact whether the emergency doctrine is applicable to Nelk. The emergency doctrine " 'recognizes that when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context . . . , provided the actor has not created the emergency' " (Zynda v Waid, 221 AD3d 1578, 1578 [4th Dept 2023], quoting Caristo v Sanzone, 96 NY2d 172, 174 [2001]). While "the emergency doctrine does not apply to typical accidents involving rear-end collisions because trailing drivers are required to leave a reasonable distance between their vehicles and vehicles ahead" (Lowhar-Lewis v Metropolitan Transp. Auth., 97 AD3d 728, 729 [2d Dept 2012]; see Vehicle and Traffic Law § 1129 [a]; see generally Fergile v Payne, 202 AD3d 928, 930-931 [2d Dept 2022]), "courts have consistently held that the emergency doctrine may protect a driver from liability where the driver, through no fault of [their] own, is required to take immediate action in order to avoid being suddenly cut off" (Maisonet v Roman, 139 AD3d 121, 124 [1st Dept 2016], appeal dismissed 27 NY3d 1062 [2016]; see Barath v Marron, 255 AD2d 280, 281 [2d Dept 1998]; McGowan v Marcus, 216 AD2d 371, 372 [2d Dept 1995]). Here, there are triable issues of fact whether Nelk was required to take immediate action in order to avoid an obstruction resulting from plaintiff's act of suddenly pushing his vehicle into his lane of travel just ahead of Yarlagadda, whether Nelk contributed to creating an emergency by, inter alia, following too closely or failing to notice the disabled vehicle in his lane, and whether Nelk's conduct was reasonable in the face of an emergency (see Zbock v Gietz, 145 AD3d 1521, 1523 [4th Dept 2016]; Sossin v Lewis, 9 AD3d 849, 851 [4th Dept 2004], amended on rearg on other grounds 11 AD3d 1045 [4th Dept 2004]; see generally Rivera v New York City Tr. Auth., 77 NY2d 322, 327 [1991], rearg denied 77 NY2d 990 [1991]).
With respect to appeal No. 2, we agree with Yarlagadda that, inasmuch as plaintiff did not oppose Yarlagadda's motion for summary judgment in the motion court or in his appellate brief, plaintiff has abandoned his claims against Yarlagadda and, thus, the complaint against Yarlagadda must be dismissed (see Beechler v Kill Bros. Co., 170 AD3d 1606, 1608 [4th Dept 2019]; Allington v Templeton Found., 167 AD3d 1437, 1439 [4th Dept 2018]).
Contrary to Yarlagadda's contention, the summary conclusions regarding the cause of the collision contained in the police accident report are not in admissible form and Supreme Court properly declined to consider them. Although a police report is generally admissible as a business record (see CPLR 4518; Silverman v Sciartelli, 26 AD3d 761, 762-763 [4th Dept 2006]), "statements contained in the report concerning the cause of an accident constitute inadmissible hearsay unless" a relevant exception to the hearsay rule applies (Huff v Rodriguez, 45 AD3d 1430, 1432 [4th Dept 2007]) and, here, there is no applicable exception.
Contrary to Yarlagadda's further contention, triable issues of fact preclude summary judgment dismissing Nelk's cross-claims. Although it is well settled that "[i]n multiple-car, chain-reaction accidents . . . the operator of a vehicle [that] has come to a complete stop and is propelled into the vehicle in front of it as a result of being struck from behind is not negligent inasmuch as the operator's actions cannot be said to be the proximate cause of the injuries resulting from the collision" (Gustke v Nickerson, 159 AD3d 1573, 1574 [4th Dept 2018], lv denied in part & dismissed in part 32 NY3d 1048 [2018] [internal quotation marks omitted]), here we conclude that Yarlagadda failed to meet his prima facie burden of establishing as a [*3]matter of law that he was not negligent or that, even if he was negligent, his negligence was not a proximate cause of the accident (see Pagels v Mullen, 167 AD3d 185, 187 [4th Dept 2018]; cf. Heltz v Barratt, 115 AD3d 1298, 1299 [4th Dept 2014], affd 24 NY3d 1185 [2014]). Specifically, the parties' submissions raise triable issues of fact whether, inter alia, Yarlagadda contributed to the emergency by reasonably failing to notice the disabled vehicle in his lane and whether there was anything he could have done to avoid the collision (see Zbock, 145 AD3d at 1523; see generally Rivera, 77 NY2d at 327).
Entered: July 25, 2025
Ann Dillon Flynn
Clerk of the Court